**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-7576**

---

ANTHONY KELLY,

Plaintiff - Appellant,

versus

STATE OF MARYLAND; ROBERT WISNER-CARLSON, Acting Clinical Director; CLIFTON T. PERKINS HOSPITAL CENTER,

Defendants - Appellees.

---

**No. 07-7634**

---

ANTHONY KELLY,

Plaintiff - Appellant,

versus

STATE OF MARYLAND; LILLIAN WANG, Librarian; SHEILAH DAVENPORT, CEO,

Defendants - Appellees.

---

Appeals from the United States District Court for the District of Maryland, at Greenbelt. Alexander Williams, Jr., District Judge. (8:07-cv-02601-AW; 8:07-cv-02600-AW)

---

Submitted: January 9, 2008          Decided: January 22, 2008

---

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Anthony Kelly, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Kelly, who has been involuntarily committed to Maryland's Clifton T. Perkins State Hospital Center ("the Center") after being found not competent to stand trial, appeals the district court's dismissal of two actions he filed pursuant to 42 U.S.C. § 1983 (2000). For the reasons that follow, we affirm.

I. 07-7576

Kelly's first complaint asserted due process and equal protection violations arising from statements the director of the Center made in the course of Kelly's competency hearing.[1] Finding that two defendants — the State of Maryland and the Center — were not amenable to suit under § 1983, the district court dismissed the claims against them. Pursuant to 28 U.S.C. § 1915(e)(2), the district court dismissed Kelly's remaining claims as frivolous because they espoused an "indisputably meritless legal theory."

We have reviewed the record and conclude the district court did not err in dismissing Kelly's claims against the State of Maryland and the Center. A cause of action under § 1983 requires the deprivation of a civil right by a "person" acting under color

---

[1]Kelly also asserted several state common law claims, including libel. After the district court dismissed the claims on which federal jurisdiction was based, it exercised its discretion under 28 U.S.C. § 1367 (2000) to decline jurisdiction over the state law claims. To the extent that Kelly appeals the district court's decision as to the state law claims, the district court did not err.

of state law. 42 U.S.C. § 1983. It is now well settled that a state cannot be sued under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). This rule applies "to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." Id. at 70. Therefore, because the Center was properly considered an arm of the State of Maryland, it cannot be sued under § 1983 either. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 65-70 (1989); Foremost Guaranty Corp. v. Community Sav. & Loan, Inc., 826 F.2d 1383, 1386-88 (4th Cir. 1987).

A district court has broad discretion to dismiss a complaint if the action is "frivolous or malicious" within the meaning of § 1915(d). See White v. White, 886 F.2d 721, 722 (4th Cir. 1989). An action is frivolous or malicious if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Neitzke v. Williams, 490 U.S. 319, 327 (1989). We have reviewed the record and find no reversible error in the district court's dismissal of Kelly's remaining claims as frivolous. Accordingly, we affirm for the reasons stated by the district court. Kelly v. State of Maryland, 8:07-cv-02601-AW (D. Md. Oct. 17, 2007).

## II.   07-7634

Kelly's second complaint alleged due process and equal protection violations arising from the Center librarian's refusal to perform legal research for Kelly.[2]  The district court dismissed Kelly's complaint on the grounds that the State of Maryland was not amenable to suit under § 1983 and the complaint failed to adequately state claims against the remaining Defendants.  We have reviewed the record and the district court's opinion and find no reversible error.  Accordingly, we affirm on the reasoning of the district court.  See Kelly v. State of Maryland, No. 8:07-cv-02600-AW (D. Md. Oct. 17, 2007).

We dispense with oral argument in both appeals because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

[2]Kelly also asserted several state common law claims, including negligent infliction of emotional distress.  After the district court dismissed the claims on which federal jurisdiction was based, it exercised its discretion under § 1367 to decline jurisdiction over the state law claims.  To the extent that Kelly appeals the district court's decision as to the state law claims, the district court did not err.